IN THE NORTHERN DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RANDY BINNING                                                                                   PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:16-CV-00146-NBB-RP

BALLY GAMING, INC;
CAESAR'S ENTERTAINMENT CORPORATION;
THE MISSISSIPPI GAMING COMMISSION;
AMESHA GROSS; AND VARIOUS UNKNOWN
CURRENT AND FORMER EMPLOYEES OF THE
MISSISSIPPI GAMING COMMISSION                                                DEFENDANTS

MEMORANDUM OPINION

Presently before the court is a motion to dismiss for failure to state a claim filed by Defendants, Bally Gaming and Caesars Entertainment Corporation. Upon due consideration of the motion, response, and complaint, the court is ready to rule.

Facts and Procedural Background

The plaintiff, Randy Binning, is a professional gambler from Las Vegas, Nevada. In April of 2013, Binning allegedly learned from other casino patrons that keno machines at various Harrah's casinos were offering better payouts than was usual. With knowledge of this information, Binning traveled first to a Harrah's casino in Illinois and played their machines for a period of approximately eighteen days, winning a large sum of money. During that time, Binning allegedly discovered that the Harrah's casinos located in Tunica, Mississippi, had these same keno machines, and that they too were paying out unusually high amounts.

Binning soon left Illinois and made his way down to Mississippi. While in Tunica, Binning played the machines for about four days and, again, won a significant amount of money. Casino personnel, however, discovered the unusually large payouts and disconnected the machines. Because he could no longer play, Binning departed Mississippi and returned to his home in Nevada.

Sometime after disconnecting the machines, casino personnel reported to the Mississippi Gaming Commission ("MGC") that better payouts had been discovered, and that the casino and Bally Gaming, Inc. ("Bally"), the manufacturer of the machines at issue, were conducting their own investigations regarding the unusual activity. MGC proceeded to conduct its own independent investigation into the unusual activity reported by the casino and, as a result of that investigation, MGC Agent Amesha Gross swore out an affidavit for Binning's arrest. Consequently, on June 27, 2013, a warrant was issued for Binning's arrest for the alleged violation of Section 75-76-301(g) of the Mississippi Code, charging him with manipulating the keno machines to affect the payouts.

About a month after the arrest warrant was issued, Bally submitted its investigative report to MGC finding as follows:

> During the review there was no evidence supporting that any of the software engineers involved in the coding of the [machines] had any knowledge of the coding error during the time the game [] was developed or tested. What was revealed during the review was [that] the issue developed through an inadvertent error. . . . Our review did not reveal any evidence that a [Bally] software engineer was in contact with any person of interest in the current investigation.

Binning was eventually arrested pursuant to the aforementioned warrant on January 4, 2014. Almost a month later, on February 3, 2014, a grand jury in the Circuit Court of Tunica County, Mississippi, indicted Binning on the charges contained within the warrant. However, on June 30, 2015, the Tunica County Circuit Court dismissed the charges against Binning, finding it was unable to conclude that his actions "constitute[d] criminal acts under Mississippi law," and pointing to the dismissal of similar charges that had been filed against Binning in Illinois.

Almost a year later, on June 27, 2016, Binning filed the instant suit. He asserts a state law claim for malicious prosecution against defendants MGC, Gross, Bally and Caesars

Entertainment Corporation ("Caesars").[1] Defendants Bally and Caesars filed this motion to dismiss for failure to state a claim upon which relief can be granted.

## Standard of Review

A complaint must contain a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a plaintiff to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss for failure to state a claim tests both the legal and factual sufficiency of a plaintiff's complaint. *Id.* at 679. Though motions to dismiss are "viewed with disfavor and [are] rarely granted," the burden rests on the plaintiff to prove her claim should go forward. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 497 (5th Cir. 2000).

To meet her burden, a plaintiff cannot rest merely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a plaintiff must demonstrate that facts pleaded allow the court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. In deciding whether a plaintiff has met her burden, the court "must accept as true all of the allegations contained in the complaint," except for those allegations which are mere legal conclusions. *Ashcroft*, at 678. Moreover, the court views all well-pleaded facts in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Ultimately, a plaintiff's complaint must "nudge his claims . . . across the line from conceivable to plausible." *Id.* at 680 (citing *Twombly*, 550 U.S. at 547).

## Analysis

---

[1] Caesars is the parent company of the owners and operators of the Harrah's affiliated casinos relevant to the instant case.

Binning asserts only a claim for malicious prosecution against defendants Bally and Caesars. In moving for a Rule 12(b)(6) dismissal, Bally and Caesars contend that Binning has inadequately pled factual allegations to support such a claim.

To adequately state a claim for malicious prosecution under Mississippi law, Binning must sufficiently plead facts supporting each of the following elements:

(1) The institution of a proceeding;
(2) By, or at the insistence of the defendant;
(3) The termination of such proceedings in the plaintiff's favor;
(4) Malice in instituting the proceedings;
(5) Want of probable cause for the proceedings; and
(6) The suffering of injury or damage as a result of the prosecution.

*Condere Corp. v. Moon*, 880 So. 2d 1038, 1042 (Miss. 2004). Defendants primarily argue that Binning has failed to plead any facts showing that the proceedings against him were instituted "by, or at the insistence of" Bally or Caesars. For reasons that are to follow, the court disagrees.

With regard to Defendant Bally, Binning pleads that, after MGC obtained an arrest warrant for Binning, Bally issued its investigative report to MGC, and within that report, Bally stated it had been unable to find any evidence of collusion, and attributed the unusual machine activity to a mere inadvertent coding error. Despite its report finding the cause of the unusually high payouts to be an inadvertent error, Binning alleges that Bally claimed to the MGC, Gross, and the district attorney that "Mr. Binning obtained the money through 'theft' and that the winnings could only have been obtained through illegal activities." Binning further alleges that Bally never told the district attorney the truth, "specifically that [] Binning did actually make wagers every time he played the keno machines, that he only took the amount the machine paid him, and that . . . he did not physically manipulate the machine and he did not collude with or receive any inside information about the machines from anyone working at the manufacturer."

4

Turning to Defendant Caesars, Binning alleges that casino personnel "reported to the MGC that better payouts on these machines had been discovered . . . , and that an investigation was being conducted by the casinos and by [Bally]." Binning further asserts that Caesars encouraged Bally to publicly claim that he had obtained the money through theft or illegal means. In addition, Binning alleges that Caesars too never told the district attorney the truth about the factual circumstances of his winnings, that he "did actually make wagers every time he played the keno machines, that he only took the amount the machine paid him, and that . . . he did not physically manipulate the machine and he did not collude with or receive any information about the machines from anyone working at the manufacturer."

Based on the above recitation of the well-pleaded facts in the complaint, Binning asserts that there was an insistence by Bally and Caesars "that [] Binning should be arrested and prosecuted," and further that the actions of Bally and Caesars "led to the indictment" against him. The court again notes that it "must accept as true all of the allegations in the complaint," and must view those allegations in the light most favorable to the plaintiff. *Ashcroft*, at 678; *Dallas Area Rapid Transit*, at 467. In following this principle of law, the court finds that, at this stage in the proceedings, Binning's allegations are sufficient to support his contention that the proceedings against him were "by, or at the insistence of" Bally and Caesars.

Bally and Caesars additionally argue that Binning has failed to plead sufficient facts demonstrating "malice in instituting the proceedings." However, Binning alleges throughout his complaint that the defendants publicly claimed numerous times that he had committed theft despite the non-existence of probable cause. Moreover, Binning alleges that Bally and Caesars took these actions, despite knowing they had no probable cause to charge Binning, "in order to increase their chances of recovering the money that [he] won at the Harrah's casinos." Viewing these allegations as it must, the court finds that Binning has sufficiently alleged that defendants

5

acted maliciously. Further, it is well-settled in Mississippi that malice is a question of fact which is to be determined by the jury in a malicious prosecution action. *C & C Trucking Co. v. Smith*, 612 So. 2d 1092, 1100 (Miss. 1992).

Lastly, Caesars contends that Binning's claim against it should be dismissed because it was improperly asserted against it and, instead, should have been asserted against Harrah's Casino Tunica. Caesars argues that the actions complained of could have only been taken by Harrah's and not Caesars as Caesars is simply a remote parent of the casino at issue in this case. The courts finds this argument to be without merit as Binning clearly alleges numerous times that Caesars took certain actions leading to the proceedings against him. Whether or not Caesars actually engaged in any of this conduct thereby making it liable on this claim can be addressed at a later stage in the proceedings. But in accepting the allegations as true and viewing them in the light most favorable to Binning, as must be done at the 12(b)(6) stage, the court finds that Binning has sufficiently alleged a claim against Caesars.

## Conclusion

For the foregoing reasons, the court finds that Defendants' motion to dismiss for failure to state a claim is not well-taken and should be denied. A separate order in accord with this opinion shall issue this day.

This, the 16th day of December, 2016.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**