IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RANDY BINNING                                                                                    PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:16-CV-00146-NBB-RP

BALLY GAMING, INC;
CAESAR'S ENTERTAINMENT CORPORATION;
THE MISSISSIPPI GAMING COMMISSION;
AMESHA GROSS; AND VARIOUS UNKNOWN
CURRENT AND FORMER EMPLOYEES OF THE
MISSISSIPPI GAMING COMMISSION                                                      DEFENDANTS

MEMORANDUM OPINION

Presently before the court is a motion to dismiss for failure to state a claim filed by Defendants, The Mississippi Gaming Commission and Amesha Gross. Upon due consideration of the motion, response, and complaint, the court is ready to rule.

Facts and Procedural Background

The plaintiff, Randy Binning, is a professional gambler from Las Vegas, Nevada. In April of 2013, Binning allegedly learned from other casino patrons that keno machines at various Harrah's casinos were offering better payouts than was usual. With knowledge of this information, Binning traveled first to a Harrah's casino in Illinois and played their machines for a period of approximately eighteen days, winning a large sum of money. While in Illinois, Binning was allegedly informed that the Harrah's casinos located in Tunica, Mississippi, had these same keno machines, and that they too were paying out unusually high amounts.

Binning soon left Illinois and made his way down to Mississippi. While in Tunica, Binning played the machines for about four days and, again, won a significant amount of money. Casino personnel, however, discovered the unusually large payouts and disconnected the

machines. Because he could no longer play, Binning departed Mississippi and returned to his home in Nevada.

Sometime after disconnecting the machines, casino personnel reported to the Mississippi Gaming Commission ("MGC") that better payouts had been discovered, and that the casino and Bally Gaming, Inc. ("Bally"), the manufacturer of the machines at issue, were conducting their own investigations into the unusual activity. MGC proceeded to conduct its own independent investigation into the unusual activity reported by the casino and, as a result of that investigation, MGC Agent Amesha Gross swore out an affidavit for Binning's arrest. Consequently, on June 27, 2013, a warrant for Binning's arrest was issued for the alleged violation of Section 75-76-301(g) of the Mississippi Code, charging him with manipulating the keno machines to affect the payouts.

Binning was eventually arrested pursuant to the aforementioned warrant on January 4, 2014. Almost a month later, on February 3, 2014, a grand jury in the Circuit Court of Tunica County, Mississippi, indicted Binning on the charges contained within the warrant. However, on June 30, 2015, the Tunica County Circuit Court dismissed the charges against Binning, finding it was unable to conclude that his actions "constitute[d] criminal acts under Mississippi law," and pointing to the dismissal of similar charges that had been filed against Binning in Illinois.

Almost a year later, on June 27, 2016, Binning filed the instant suit. He asserts claims under 42 U.S.C. §1983 against Gross, contending that she violated his Fourth and Fourteen Amendment rights due to her involvement in his alleged unlawful arrest and malicious prosecution. In addition, he asserts a state law claim for malicious prosecution against defendants MGC, Gross, Caesars Entertainment Corporation, and Bally.

Defendants Gross and MGC have now filed a motion to dismiss for failure to state a claim upon which relief can be granted.

## Standard of Review

A complaint must contain a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a plaintiff to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss for failure to state a claim tests both the legal and factual sufficiency of a plaintiff's complaint. *Id.* at 679. Though motions to dismiss are "viewed with disfavor and [are] rarely granted," the burden rests on the plaintiff to prove her claim should go forward. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 497 (5th Cir. 2000).

To meet her burden, a plaintiff cannot rest merely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a plaintiff must demonstrate that facts pleaded allow the court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. In deciding whether a plaintiff has met her burden, the court "must accept as true all of the allegations in the complaint," except for those allegations which are mere legal conclusions. *Ashcroft*, at 678. Moreover, the court views all well-pleaded facts in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Ultimately, a plaintiff's complaint must "nudge his claims . . . across the line from conceivable to plausible." *Id.* at 680 (citing *Twombly*, 550 U.S. at 547).

## Analysis

3

At the outset, the court notes that MGC has conceded that its arguments for dismissal are without merit. Consequently, the court will limit its analysis to Gross's arguments. In moving for dismissal, Gross first asserts that she is entitled to qualified immunity with respect to Binning's § 1983 claim. Gross further argues that she is entitled to immunity on Binning's claim for malicious prosecution under Mississippi law.

*§1983 claims*

§ 1983 authorizes suit against any individual who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and law." 42 U.S.C. § 1983. An assertion of qualified immunity often protects government officials performing discretionary functions from both litigation and liability on such claims. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *see also Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 648 (N.D. Miss. 2013).

When qualified immunity is asserted at the 12(b)(6) stage, as has been done here, the court utilizes a two-step analysis. First, the court considers whether the facts alleged by the plaintiff make out a violation of a constitutional right. *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013). If the court determines that such has been established, the court then proceeds to determine whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Id.*

Binning first appears to allege that Gross is liable pursuant to § 1983 due to the alleged malicious prosecution against him. It is well-settled in the Fifth Circuit that the federal constitution "does not include a 'freestanding' right to be free from malicious prosecution," and that, consequently, such claims under § 1983 are not legally cognizable. *Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009); *see also Cevallos v. Silva*, 541 F. App'x 390, 394 (5th Cir.

2013); *Quinn v. Roach*, 326 F. App'x 280, 289 (5th Cir. 2009); *Bloss v. Moore*, 269 F. App'x 446, 448 (5th Cir. 2008); *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Accordingly, to the extent that Binning's § 1983 claim is based on malicious prosecution, it must fail.

However, Binning also contends that Gross is liable pursuant to § 1983 for his alleged unlawful arrest. It is undisputable that the right to be free from an unlawful arrest is a clearly established constitutional right. *See Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007); *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001); *Sorenson v. Ferrie*, 134 F.3d 325, 327 (5th Cir. 1998). Further, a violation of such right occurs when no probable cause for the underlying arrest has been demonstrated. *See Sorenson*, 134 F.3d at 328.

Gross argues that Binning has failed to sufficiently plead facts indicating an absence of probable cause for the underlying arrest. Turning to Binning's complaint, he first alleges that Gross posed questions to Bally on May 14, 2013, asking specifically "did the individuals who wrote the code have any inkling as to the nature of the coding errors and whether they know or had any contact with any of the persons of interest in any ongoing investigation?" Although Bally allegedly had not yet responded to this inquiry, Gross swore out an affidavit and a warrant for Binning's arrest was issued on June 27, 2013.

Binning further asserts that Gross swore out the affidavit for his arrest "despite the fact that the [Bally] investigation had not been completed, despite the fact that [Bally] had not responded to MGC's question about whether any of the [Bally] personnel had any connection with [] Binning and others, and despite the fact that there was no evidence that [] Binning did anything other than play the game that was available on the floor of the casino, which is not

5

illegal." It can be reasonably inferred from this allegation that, according to Binning, Gross acted prematurely and lacked sufficient reasons for pursuing his arrest.

In addition, Binning pleads that after the arrest warrant was issued, Bally provided its report to MGC finding as follows:

> During the review there was *no evidence* supporting that any of the software engineers involved in the coding of the My Poker/Keno feature had any knowledge of the coding error during the time the game feature was developed or tested. What was revealed during the review was the issue developed through an inadvertent error. . . . Our review did *not* reveal any evidence that a [Bally] software engineer was in contact with any person of interest in the current investigation.

(Emphasis Added). Yet, Binning alleges, despite Bally's report finding no evidence of any wrongdoing, Gross continued to pursue a prosecution against him, making "no effort to recall and quash the [] warrant" for his arrest.

Binning additionally contends that Gross never told the district attorney the truth, "specifically that [] Binning did actually make wagers every time he played the keno machines, that he only took the amount the machine paid him . . . [and that] he did not physically manipulate the machine and did not collude with or receive any inside information about the machines from anyone working at the manufacturer." And lastly Binning alleges throughout his complaint that he did in fact do nothing illegal.

After accepting these allegations as true and viewing them in the light most favorable to the plaintiff, as the court must do, the court finds that Binning sufficiently pleads facts indicating that the underlying arrest was without probable cause. If the court accepts as true that Binning did nothing illegal, it must also accept as true the logical inference that there was most likely an absence of probable cause for his arrest. Further, the allegations that Gross pursued his arrest before Bally issued its report and then continued to pursue his arrest after Bally found no evidence of wrongdoing, when taken in the light most favorable to Binning, suggest that Gross

6

acted prematurely and without sufficient cause. Moreover, it is unusual for claims to be dismissed on this type of motion, one based on qualified immunity, at this stage of the proceedings. And whether or not Binning can actually prove the absence of probable cause is a question of fact that may be addressed at a later time if raised. Consequently, Binning's § 1983 claim for his alleged unlawful arrest must proceed.

*State law claim*

In addition to the § 1983 claims discussed above, Binning asserts a state law malicious prosecution claim against Gross. To adequately state a claim for malicious prosecution under Mississippi law, Binning must sufficiently plead facts supporting each of the following elements:

(1) The institution of a proceeding;
(2) By, or at the insistence of the defendant;
(3) The termination of such proceedings in the plaintiff's favor;
(4) Malice in instituting the proceedings;
(5) Want of probable cause for the proceedings; and
(6) The suffering of injury or damage as a result of the prosecution.

*Condere Corp. v. Moon*, 880 So. 2d 1038, 1042 (Miss. 2004).

Gross argues that she is entitled to immunity for the state law claim pursuant to the Mississippi Tort Claims Act ("MTCA"). The MTCA provides that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7(2). Gross, however, overlooks the provision which immediately follows and provides that "an employee shall not be considered as acting within the course and scope of his employment . . . if the employee's conduct constituted [] malice." Miss. Code Ann. § 11-46-7(2). Accordingly, immunity under the MTCA is inapplicable in the instant case "because the subject claim asserts 'malicious' conduct which is specifically excluded from the immunity provision." *J.A.M. Promotions, Inc. v. Tunica Cty. Arena & Exposition Ctr., Inc.*, 2010 WL 1418856 at *1 (N.D. Miss. Apr. 7, 2010) (applying Mississippi law); *see also Bridges*

7

*v. Pearl River Valley Water Supply Dist.*, 793 So. 2d 584 (Miss. 2001). As Gross makes no other arguments in support of dismissal, Binning's malicious prosecution claim must also proceed.

## Conclusion

For the foregoing reasons, the court finds that Defendants' motion to dismiss for failure to state a claim is not well-taken and should be denied. A separate order in accord with this opinion shall issue this day.

This, the 19th day of December, 2016.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**